United States District Court
Middle District of Florida
Jacksonville Division

GJOVALIN GJERGJI

     *Petitioner,*

v.                                                        NO. 3:15-cv-1217-J-34PDB

JEH JOHNSON, ET AL.,

     *Respondents.*

---

## Petitioner's Opposition to Respondents' Motion to Dismiss

Comes now Gjovalin Gjergji, petitioner, by and through undersigned counsel, and states his opposition to respondents' Motion to Dismiss, Document 14, filed January 28, 2016, and includes a memorandum of legal authority, as follows:

The subject suit is a petition for a writ of habeas corpus pursuant Art. I § 9, Clause 2 of the United States Constitution ("Suspension Clause"), as implemented in 28 U.S.C. §§ 2241 - 2255 (Chapter 153 - Habeas Corpus). The petition is narrowly written and seeks only a grant of the writ and/or an order from this court releasing petitioner from detention, on any reasonable terms.

The parties agree that Mr. Gjergji is being held by respondents under so called "mandatory detention" as provided in INA § 236(c), 8 U.S.C. § 1226(c). Evidentially, the parties also agree that no officer in any U.S. immigration agency even considered Mr. Gjergji's many requests for release from detention and to date continue to refuse to consider same. To date no person in the executive branch of the government has even considered Mr. Gjergji's request for release.

Now the Government has moved to dismiss this petition on ground that this Court has no jurisdiction to even consider the circumstances of Mr. Gjergji's detention or his release. If the Government is correct, then there is no power or authority within the United States to consider

1

release of Mr. Gjergji under any circumstances. The Government asserts that Congress had the intention, and the power, to strip this Court of jurisdiction to entertain the Great Writ as provided for in the Constitution and the statutes of the United States by enacting INA § 236(e), 8 U.S.C. 1226(e). If the Government is correct, there is no U.S. person, court or tribunal that can even consider Mr. Gjergji's request for release.

A number of circuit courts have found jurisdiction in almost identical cases.[1] Even the Supreme Court has weighed in on the issue and held in *Demore v. Kim* that it had jurisdiction to hear such a case despite INA § 236(e), 8 U.S.C. 1226(e) because respondent was not challenging a discretionary judgement by the Attorney General or a decision that the Attorney General had made regarding detention or release. 538 U.S. 510, 516-17 (2003). Rather, the Court explained, the respondent was challenging the statutory framework that permits his detention without bail. *Id.* The case at bar is no different than the case in *Demore* because it deals with the statutory framework of INA § 236(c), 8 U.S.C. 1226(c).

The Government cites *Douglas v. Gonzalez*[2]. This case is inapposite as it did not involve a petition for habeas corpus but rather, a Petition Emergency Intervention Removal Proceedings and an Expedited Declaration of Derivative Citizenship. Plaintiff's request there was based upon his belief that his due process rights were violated as a result of U.S. ICE's "unreasonable delays". It is not clearly on point and should not be considered in deciding this court's jurisdiction to hear this petition.

Mr. Gjergji respectfully opposes the Government's motion and requests this Court find it

---

[1] *See e.g. Oyelude v. Chertoff*, 125 Fed. Appx. 543, 546 (5th Cir. 2005); *Olmos v. Holder*, 780 F.3d 1313, 1315 (10th Cir. 2015); *Flores-Torres v. Mukasey*, 548 F.3d 708, footnote 5 (9th Cir. 2008); *Saint Fort v. Ashcroft*, 329 F.3d 191, 200 (1st Cir. 2003); *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). We were unable to find any 11th Circuit case directly on point.

[2] No. 8:06-CV-890-T-30TGW, 2006 WL 5159196 (Dist Ct., M.D. FLA June 12, 2006).

has jurisdiction and deny the motion.

Wherefore, petitioner respectfully requests that this Court deny respondents' motion to dismiss.

Dated this 29th day of January, 2016.

>Respectfully submitted,
>
>DAVID F. VEDDER, P.A.
>
>By _/s/ David F. Vedder_
>David F. Vedder, Esq.
>Fla. Bar # 258377
>Member of the Middle District of Florida
>1651 N. Clyde Morris Blvd. Suite 2
>Daytona Beach, FL 32117
>(386) 274-0044
>David.Vedder@TheImmigrationFirm.us
>Counsel for Petitioner

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that on the same day, I mailed a copy of the foregoing document and the notice of electronic filing by e-mail to Jason P. Mehta, Assistant United States Attorney via Jason.Mehta@usdoj.gov.

>By _/s/ David F. Vedder_
>David F. Vedder, Esq.
>Counsel for Petitioner

https://sp.theimmigrationfirm.us/doccenter/client_active/Gjergji, Gjovalin 9267 (AB)/Habeas Corpus lawsuit/160129 Opposition to MTD.docx